**HELENA JOINT CITY–COUNTY AIRPORT BOARD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 1291.

United States District Court
D. Montana,
Helena Division.

Aug. 1, 1966.

---

Thomas H. Mahan, Helena, Mont., for plaintiff.

Moody Brickett, U. S. Atty., Donald A. Douglas, Asst. U. S. Atty., Butte, Mont., for defendant.

SMITH, District Judge.

Helena Joint City-County Airport Board seeks to recover $18,000.00 for damage allegedly done the runways of the Helena, Montana Municipal Airport by the United States. The action is brought pursuant to the provisions of the Federal Tort Claims Act [1] or alternatively, pursuant to the provisions of the Tucker Act.[2]

The Board alleges in its complaint that its predecessor entered into a contract with the United States Forest Service for use of the Helena Municipal Airport as a base for spraying forested areas in and around Helena. The contract, as plead in the complaint, provided in part:

> In case of damage to runways, taxiways or other facilities over and above normal wear caused by aircraft under this agreement, the Forest Service agrees to repair such damage to the satisfaction of the Airport Board.

The damages were allegedly caused the runways by spillage from the chemical tanks of the aircraft under spraying contract with the Forest Service.

The United States, on jurisdictional grounds, has moved to dismiss the complaint.

This court has no jurisdiction over the action under the Federal Tort Claims Act or the Tucker Act.

The Tucker Act vests exclusive jurisdiction in the Court of Claims in actions against the United States arising out of contractual obligations when the amount in dispute exceeds $10,000.00. 28 U.S.C. 1346(a) (2); Woodbury v. United States, 9 Cir. 1963, 313 F.2d 291. The amount claimed here is $18,000.00.

The action cannot be brought under the terms of the Federal Tort Claims Act for it is based upon the contract provision above. Claims, "—which are founded upon an alleged failure to perform explicit or implicit contractual obligations—are not deemed 'tort' claims for the purposes of the division between the Tort Claims Act and Tucker Act jurisdiction." Blanchard v. St. Paul Fire and Marine Insurance Co., 5 Cir. 1965, 341 F.2d 351, 358. See also Woodbury v. United States, supra, at pages 295–297 of 313 F.2d.

It is therefore ordered that the plaintiff's complaint be and the same is hereby, dismissed.

---

1. 62 Stat. 933, 982, as amended 28 U.S.C. §§ 1346(b), 2671 et seq.

2. 24 Stat. 505, as amended, 28 U.S.C. §§ 1346(a) (2) and 1491.